IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAUL GONZALES,           Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 3:20-CV-1616-L (BH) |
| KEN PAXTON,           Defendant. | ) ) ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be **DISMISSED WITH PREJUDICE.**

### I. BACKGROUND

Raul Gonzales (Plaintiff), a Texas prisoner, again sues the Attorney General of Texas (AG) to challenge the constitutionality of Texas's Sex Offender Registration Program (TSORP), codified at Chapter 62 of the Texas Code of Criminal Procedure. (*See* docs. 3, 6.) In 1998, he was convicted of sexual assault of a child under the age of 17, triggering reporting obligations under TSORP. *See* https://inmate.tdcj.texas.gov/InmateSearch, search for Plaintiff. On February 28, 2020, he was convicted of failing to comply with those requirements and sentenced to ten years of imprisonment, which he is currently serving. (*See id.*) Insisting that he is proceeding under the Prison Litigation Reform Act (PLRA), Plaintiff "affirmatively pleads that he does not seek monetary relief of any kind," but rather, a declaration that TSORP "violates the Ex Post Facto Clause as applied to [him, by subjecting him to retroactive and increased punishment under Article 62.102." (*See* doc. 6 at 3, 19.) He also seeks to be "released from his illegal restraint"[2] and to have the AG order the Director

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for findings, conclusions, and recommendation.

[2] Because Plaintiff insists upon the applicability of the PLRA, which does not apply to habeas actions, this action is not liberally construed as a petition for a writ of habeas corpus.

of the Texas Department of Public Safety (DPS) to de-register and remove him from the sex offender central database. (*See id.* at 3.)[3]

## II. PRELIMINARY SCREENING

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Aschcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

---

[3] Plaintiff previously challenged the constitutionality of TSORP on the same or similar grounds as in this case. *See Gonzales v. Texas Dept. of Public Safety*, No. 4:20-CV-145-P, 2020 WL 2839191 (N.D. Tex. June 1, 2020).

2

A duplicative *in pauperis* complaint that "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff" may be dismissed as frivolous under § 1915. *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 493 U.S. 969 (1989); *see also Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (affirming dismissal of *in pauperis* prisoner complaint as duplicative of prior litigation and frivolous under §1915). The Fifth Circuit Court of Appeals has also found that an *in forma pauperis* prisoner lawsuit which duplicates the allegations of another pending federal action by the same prisoner may be dismissed as "malicious." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993)); *see also Chambers v. Stalder,* 999 F.2d 1580 (5th Cir. 1993) (per curiam) (Table, text on Westlaw) (quoting *Pittman*, 989 F.2d at 995); *Humphrey v. Luna*, 59 F.3d 1242 (5th Cir. 1995) (per curiam) (Table; text on Westlaw) (finding it is malicious for a pauper to file successive duplicative suits *in forma pauperis*) (citing *Pittman*, 980 F.2d at 995 (pending lawsuits) and *Bailey*, 846 F.2d at 1021 (previous lawsuits)). The addition of different defendants or new claims in the later filed action does not change the frivolous or duplicative nature of a case, and a court may properly dismiss it. *See Bailey*, 846 F.2d at 1020-21.

Here, Plaintiff filed this action against the AG immediately after the dismissal of a prior action against him, and two other defendants, based on the same facts and asserting the very same claims. This case is therefore subject to summary dismissal as malicious and duplicative. Alternatively, as discussed below, it is also potentially barred and subject to dismissal because it seeks relief against a defendant who is immune from suit.

### III. SECTION 1983

Because he expressly invokes the PLRA and names the AG as a defendant, Plaintiff's claims

3

are liberally construed as arising under 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a § 1983 claim, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.      *Heck* Bar**

Plaintiff's claims appear to be barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). It provides that a plaintiff who seeks to recover damages for an allegedly unconstitutional conviction, imprisonment or other unlawful action that renders a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Id.* at 486-87. *Heck* applies to claims seeking declaratory and injunctive relief as well as those seeking damages. *Shabazz v. Franklin*, 380 F.Supp.2d 793, 805 (N.D. Tex. 2005) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998)).

Here, a successful attack on the constitutionality of TSORP would necessarily implicate the invalidity of Plaintiff's failure-to-register conviction, and he does not allege that this conviction has been reversed, invalidated, or expunged. His claims are therefore not cognizable at this time. *See Hall v. Attorney General of Texas*, 266 F. App'x. 355, 356 (5th Cir. 2008) ("Further, because he is currently incarcerated for failure to register, Hall's constitutional challenge to the registration requirement also is an indirect challenge to his incarceration. Hall's claims are thus not cognizable

4

under 42 U.S.C. § 1983 until he proves that the incarceration has been reversed or declared invalid.") (citing *Heck*, 512 U.S. at 487). Any § 1983 claims challenging the validity of his conviction are "legally frivolous" within the meaning of 28 U.S.C. § 1915 and should be dismissed "with prejudice to [] being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3 423, 424 (5th Cir. 1996); *see also Balisok*, 520 U.S. at 649; *Boyd v. Biggers*, 31 F.3d 279, 283-84 (5th Cir. 1994); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994)).

Because the issues in this case are appropriate for early and final determination, however, the Court also considers whether the AG is immune from suit. *See Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998) (when an action raises an issue of immunity, the court to the extent it is feasible to do so should determine that issue as early in the proceedings as possible); *Smithback v. Cockrell*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting recommendation that "[w]hen a plaintiff seeks relief unavailable under 42 U.S.C. § 1983 or sues individuals or entities who are not proper parties under § 1983, it also seems appropriate to have an early determination of those issues").

**B.    Eleventh Amendment Immunity**

Plaintiff does not specify the capacity in which he sues the AG. Based on the course of proceedings, his complaint is liberally construed as asserting official-capacity claims only.[4]

---

[4] Courts look to the course of proceedings to determine the capacity in which a defendant is sued. *See United States ex rel. Adrian v. Regents of Univ. of Ca.*, 363 F.3d 398, 402-03 (5th Cir. 2004) (noting that while it was unclear whether the complaint named employees in their official or personal capacities, the course of proceedings demonstrated that they were only named in their official capacities, and plaintiff had not challenged the assertion that the employees should be dismissed because they were only named in their official capacities); *Harmon v. Dallas Cty.*, 294 F. Supp. 3d 548, 569 n.6 (N.D. Tex. 2018) (same); *but see Douglas v. Gusman*, 567 F. Supp. 2d 877, 888-89 (E.D. La. 2008) (when a pro se plaintiff does not specify whether a defendant in named in his official or individual capacity, it is generally presumed by operation of law that the defendant is named in his official capacity) (citations omitted). Because Plaintiff does ot allege any personal involvement by AG and expressly only seeks nonmonetary relief, he appears to sue AG in his official capacity only. *See Thomas v. State*, 294 F. Supp. 3d 576, 604 n.13 (N.D. Tex. 2018) (citations omitted).

5

An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). A lawsuit against the AG in his official capacity is treated as a lawsuit against the State of Texas. *League of United Latin American Citizens, Council No. 4434 v. Clements*, 999 F.2d 831, 899 n.5 (5th Cir. 1993) (dissent); *Gallagher v. Paxton*, No. 4:18-CV-575-ALM-CAN, 2019 WL 5390173, at *5 (E.D. Tex. May 15, 2019), *rec. accepted*, 2019 WL 4267438 (E.D. Tex. Sept. 10, 2019) (citing *Kentucky*, 473 U.S. at 165).

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). This immunity applies to both federal and state law claims brought in federal court. *See Raj v. La. State Univ.*, 714 F.3d 322, 328-29 (5th Cir. 2013) (determining that sovereign immunity bars both federal and state law claims brought in federal court); *Robertson v. McShan*, No. 05-20055, 2005 WL 2673516, at *1 (5th Cir. Oct. 20, 2005) (per curium) (finding that Eleventh Amendment immunity divests federal courts of jurisdiction to hear federal and state law claims).

The Supreme Court has created an exception to Eleventh Amendment immunity for suits for injunctive or declaratory relief against individual state officials. *Raj*, 714 F.3d at 328 (citing *Ex parte Young*, 209 U.S. 123, 155-56 (1908)). "[C]laims against state officials for prospective injunctive relief under § 1983...are not barred by sovereign immunity." *Kobaisy v. Univ. of Miss.*, 624 F. App'x

6

195, 198 (5th Cir. 2015) (citations omitted).

For the *Ex parte Young* exception to apply, the defendant state official must have "'some connection with the enforcement of the act' in question or be 'specially charged with the duty to enforce the statute' and be threatening to exercise that duty." *Okpalobi v. Foster*, 244 F.3d 405, 414-15 (5th Cir. 2001) (en banc) (quoting *Ex parte Young*, 209 U.S. at 157, 158); *see also Allstate Ins. Co. v. Abbott*, 495 F.3d 151, 159 (5th Cir. 2007) (quoting *Ex parte Young*, 209 U.S. at 157) ("*Young* requires that '[i]n making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional,...such officer must have some connection with the enforcement of the act, *or else it is merely making...the state a party*.'" (italics original)). "[A]ny probe into the existence of a *Young* exception should gauge (1) the ability of the official to enforce the statute at issue under his statutory or constitutional powers, and (2) the demonstrated willingness of the official to enforce the statute." *Okpalobi*, 244 F.3d at 417. "The required 'connection' is not merely the general duty to see that the laws of the state are implemented, but the particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty." *Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014) (quotations omitted).

Here, even if Plaintiff seeks prospective injunctive relief, the *Ex parte Young* exception is inapplicable because he has not alleged that the AG has any role in the enforcement of TSORP. He has not identified any statute or constitutional provision giving the AG the duty to enforce the TSORP, or alleged any facts demonstrating his willingness to exercise any enforcement duty. *See Okpalobi*, 244 F.3d at 417. To the extent that he is challenging the criminal enforcement of the TSORP, it is well-established Texas law that "[t]he office of attorney general of Texas has never had the authority to institute a criminal prosecution." *Saldano v. State*, 70 S.W.3d 873, 878 (Tex. Crim.

7

App. 2002) (en banc). Instead, the TSORP specifically "places the enforcement and implementation roles on the Department of Public Safety." *Does #1-7 v. Abbott*, 345 F.Supp.3d 763, 773 (N.D. Tex. 2018) (citing Tex. Code Crim. Proc. arts. 62.001(1), 62.005(a)). Even though the AG must be given notice of a suit to declare a statute unconstitutional, that "notice requirement does not suggest...that the [AG] is the proper party to sue in an action for declaratory or injunctive relief from the enforcement of a...statute." *Palmer v. Bone*, No. 4:18-CV-00422-ALM-CAN, 2019 WL 2882053, at *5 (E.D. Tex. May 24, 2019), *rec. accepted*, 2019 WL 2868923 (E.D. Tex. July 3, 2019) (quoting *Lone Starr Multi Theatres, Inc. v. State*, 922 S.W.2d 295, 298 (Tex. App.–Austin 1996, no writ)) (alterations original).

In conclusion, Eleventh Amendment immunity bars any claims, under either state or federal law, against the AG in his official capacity.

## IV. OPPORTUNITY TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are willing or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005) (citing *Great Plains Trust Co. V. Morgan Stanley Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)); *see also Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004)(noting that courts typically allow *pro se* plaintiffs an

opportunity to amend their complaints when the action is to be dismissed by court order). Nevertheless, a court need not give an opportunity to amend where the court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, this action is duplicative of a prior lawsuit, *Heck*-barred, and seeks relief against a defendant who is immune. No further opportunity to amend is therefore warranted.

## V. RECOMMENDATION

Plaintiff's claims should be **DISMISSED** with prejudice as frivolous under 28 U.S.C. §§ 1915(A)(b)(1) and 1915(e)(2)(B)(i). The dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[5] Alternatively, his claims should be **DISMISSED** without prejudice based on immunity.

**SO RECOMMENDED on this 8th day of October, 2021.**



IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE